THEODORE J. VINCENT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vincent v. Commissioner
Docket No. 20621-80.
United States Tax Court
T.C. Memo 1984-453; 1984 Tax Ct. Memo LEXIS 212; 48 T.C.M. (CCH) 956; T.C.M. (RIA) 84453; August 28, 1984. *212 Theodore J. Vincent, pro se. Joseph F. Long, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $1,565 deficiency in petitioner's 1978 Federal income tax. After concessions, the issue for decision is whether petitioner is entitled to charitable contribution deductions in excess of the amount allowed by respondent. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Shelton, Connecticut, at the time he filed his petition in this case. Petitioner filed his 1978 Federal income tax return with the Internal Revenue Service Center, Andover, Massachusetts. Petitioner and his five children attended mass every Sunday at St. Margaret Mary's Church where petitioner's children served as altar boys. Each week, petitioner made a cash contribution using the church's envelope system and he gave his children cash which they contributed to the collection box. During 1978, petitioner also regularly attended Alcoholics Anonymous *213 meetings at which he made cash contributions, and he contributed to the United Fund and other charities. Petitioner received no receipts for any of these contributions. On his 1978 Federal income tax return, petitioner claimed a $2,216.08 charitable contribution deduction consisting of $700 to St. Margaret Mary's Church, $500 to Alcoholics Anonymous, $500 to the United Fund, and $516.08 to unnamed organizations for which petitioner had written records. In the notice of deficiency, respondent disallowed all but $466.08 of the claimed charitable contribution deductions for lack of substantiation. OPINION We must decide whether petitioner is entitled to charitable contribution deductions in excess of the amount allowed by respondent. Petitioner maintains that he is not required to provide substantiation for the charitable contribution deductions claimed on his Form 1040, Schedule A, line 21b under the heading "other cash contributions." However, it is well settled that deductions are a matter of legislative grace and petitioner bears the burden of establishing that he is entitled to the claimed deductions. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). *214 Petitioner and his children regularly attended St. Margaret Mary's Church each week during 1978, and they made cash contributions which petitioner claims totaled $700. We find petitioner's testimony to have been candid, forthright, and credible, and we are convinced that petitioner and his children regularly attended church and made cash contributions throughout 1978. In addition, we also believe that petitioner regularly attended Alcoholics Anonymous meetings and made cash contributions to both Alcoholics Anonymous and to the United Fund during 1978. Using our best judgment and bearing heavily against the taxpayer whose inexactitute is of his own making, we hold that petitioner is entitled to a $350 charitable contribution deduction with respect to contributions made to St. Margaret Mary's Church, a $250 charitable contribution deduction with respect to each contributions to Alcoholics Anonymous and a $100 charitable contribution deduction for cash contributions made to the United Fund. Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). We admonish petitioner that in the future he should obtain receipts or other written evidence to support the deductions *215 claimed on his returns. See sec. 1.170A-1(a)(2), Income Tax Regs., for the information required in support of charitable deductions. To reflect the foregoing, Decision will be entered under Rules 155.
Footnotes
1. A derivative issue is the amount of sales tax that petitioner is entitled to deduct using respondent's sales tax tables.↩